UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

Petitioner,

v.

KING HOIST & SCAFFOLDING, INC.,

Respondent.

**OPINION AND ORDER**

18 Civ. 2858 (ER)

Ramos, D.J.:

New York City District Council of Carpenters ("Petitioner") petitions the Court to

confirm an arbitration award against King Hoist & Scaffolding, Inc. ("King Hoist").  Doc.

1.  For the reasons set forth below, the petitioner's motion is granted.

I.      **Factual Background**

King Hoist is bound to a collective bargaining agreement ("CBA") with

Petitioner.  *Id.* at ¶ 5.  The CBA provides for final and binding arbitration of disputes

between the parties, naming Roger Maher as the designated arbitrator.  *Id.* at ¶ 6.  A

dispute arose when King Hoist failed to notify Petitioner of or call a Shop Steward for a

job located at Hudson Yards, 545 West 30th Street, New York, New York for the period

July 15, 2016 through August 18, 2016.  *Id.* at ¶ 7.  The Arbitrator held a hearing on May

25, 2017.  *Id.* at ¶ 8.  King Hoist failed to appear at the hearing.  *Id.*  The Arbitrator heard

testimony and received evidence from Petitioner and issued an award dated May 27, 2017

(the "Award").  *Id.*  A copy of the Award can be found at Doc. 1-1.  The Arbitrator found

that King Hoist violated the CBA by failing to notify Petitioner of the job.  *Id.* at ¶ 9.  The

Arbitrator ordered King Hoist to pay Petitioner the equivalent of 208 hours of wages and

benefits contributions totaling $20,614.92, plus $1,000 for half the cost of the Arbitrator's

fee, pursuant to the CBA, paid directly to the Arbitrator. *Id.* at ¶ 10. To date, King Hoist

has failed to satisfy its obligations pursuant to the Award.

On March 30, 2018, Petitioner filed the instant petition to confirm the arbitration

award. Doc. 1. Petitioners served King Hoist on May 10, 2018. Doc. 5. King Hoist

failed to respond within 21 days. Accordingly, the petition is considered unopposed.

## II.      Legal Standards

Confirmation of an arbitral award normally takes the form of a summary

proceeding that converts a final arbitration award into a judgment of the court. *D.H.*

*Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006). The court is required to

grant the award "unless the award is vacated, modified, or corrected." *Id.* (quoting 9

U.S.C. § 9). An application for a judicial decree confirming an award receives

"streamlined treatment as a motion, obviating the separate contract action that would

usually be necessary to enforce or tinker with an arbitral award in court." *Hall St.*

*Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes

efficiently and avoiding long and expensive litigation," arbitration awards "are subject to

very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*,

103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). It is not necessary that the arbitrator

explain the rationale for the award; the award "should be confirmed if a ground for the

arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462

F.3d at 110 (citation omitted). In short, as long as there is "a barely colorable justification

for the outcome reached," a court should enforce an arbitration award — even if it

disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record.") (citation omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998).  The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

**III.     Discussion**

The Court finds that there is sufficient justification for this award.  *Landy*, 954 F.2d at 797.  The Arbitrator reviewed the CBA and Petitioner's evidence and found that King Hoist violated the CBA, Article VI, Sec. 1.  "Where, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

The Court also finds that the award as to attorney's fees and costs is appropriate. King Hoist has not appeared in this case and has not attempted to modify or vacate the award.  Courts "have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases).

Finally, the Court grants post-judgment interest on the award pursuant to 28 U.S.C. § 1961(a). *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest in mandatory on awards in civil cases as of the date judgment is entered.").

## V.      Conclusion

For all of these reasons, the petition is granted and the arbitration award is confirmed. The Clerk is respectfully directed to enter judgment in favor of Petitioners in the amount of $20,614.92. King Hoist is also directed to pay $1,000 to the Arbitrator as its contractual half of the Arbitrator fee. This judgment shall accrue post-judgment interest pursuant to § 1961. The Clerk is further directed to mail a copy of this decision to King Hoist and to close the case.

SO ORDERED.

Dated:      September 28, 2021
            New York, New York

_____
Edgardo Ramos, U.S.D.J.